UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEG SMITH, as Trustee of the Peggy Ann Smith Revocable Living Trust, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) No. 3:20-cv-00724 |
| THE POSTON AT THE PARK, LLC, and THE POSTON AT THE PARK HOMEOWNERS' ASSOCIATION, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION

Plaintiff Peg Smith, as Trustee of the Peggy Ann Smith Revocable Living Trust ("Smith"), brought this four-count breach of contract action against Defendants The Poston at the Park, LLC (the "Developer") and The Poston at the Park Homeowners' Association, Inc. (the "HOA"). Pending before the Court are two fully briefed Motions to Dismiss: one by the Developer (Doc. Nos. 27, 28, 32, 35) and one by the HOA (Doc. Nos. 29, 30, 33, 36). For the following reasons, both motions will be denied.

## I. FACTUAL ALLEGATIONS[1]

On September 9, 2018, Smith, a New Jersey resident, entered into a purchase and sale agreement with the Developer and, allegedly, its successor, the HOA, for a unit in The Poston at the Park condominium development in Nashville. (Am. Compl. ¶¶ 6–7). Under the Agreement,

---

[1] The relevant background and facts necessary to resolve the pending motion to dismiss are drawn from the Amended Complaint (Doc. No. 25) ("Am. Compl.") and are accepted as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

the Developer allowed Smith to "rent her unit," (Id. ¶ 7; see also Doc. No. 25-1), stating that it would place Smith's unit "in the list of units that can be a rental unit when the HOA is being formed." (Id. ¶ 9).

But on September 24, 2019, Smith received a list of rentable units from the HOA's property manager that did not contain her unit. (Id. ¶ 13). After unsuccessfully attempting to contact the Developer and HOA, Smith sued, claiming that the "Developer never fulfilled its promises and covenants and never took action to add the Unit to the list of units identified in the applicable condominium declarations as one that may be freely leased." (Id. ¶ 12; see also Doc. No. 25-2). Smith also alleged that the Developer's initial promise to allow her to rent her unit was a "material inducement . . . in entering into the [c]ontract." (Id. ¶ 10). She asserts four claims: (1) breach of contract (Count I); (2) breach of warranty (Count II); (3) fraudulent inducement and misrepresentation (Count III); and (4) declaratory judgment and a request for reformation (Count IV). The Developer has now moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 27). The HOA has also moved to dismiss under Rules 12(b)(1) and 12(b)(6). (Doc. No. 29).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept all of the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to

2

support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). But "[w]hile the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" Blackwell, 979 F.3d at 524 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### III. MOTION TO DISMISS BY THE DEVELOPER, THE POSTON AT THE PARK LLC

The Developer has moved to dismiss Counts I, III, and IV. The Court will address each count in turn.[2]

A. Breach of Contract

Smith alleges that the Developer breached the sale agreement by "failing or refusing to grant permission to . . . lease her Unit and take such steps as necessary to add her Unit as a leasable unit" to the condominium declarations. (Am. Compl. ¶ 23; see also id. ¶¶ 21–22, 24). Smith also claims that the Developer failed or refused "to complete and repair defective and unworkmanlike labor and materials in the Unit." (Id. ¶ 23).

To allege breach of contract in Tennessee, a plaintiff must plead: "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breach." Z.J. v. Vanderbilt Univ., 335 F. Supp. 3d 646, 689 (M.D. Tenn. 2018) (applying Tennessee breach of contract law) (internal citations omitted); see also C&W Asset Acquisition, LLC v. Oggs, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007). And again, as with any claim at the motion to dismiss stage, the Court must accept as true all well-pled factual

---

[2] The Developer does not move to dismiss Count II. Accordingly, that count will proceed. (Am. Compl. ¶¶ 25–29).

assertions on the breach of contract claim and construe the complaint in the Plaintiff's favor. See Pureworks, Inc. v. Brady Corp., No. 3:09-cv-983, 2010 WL 3724229, at *15 (M.D. Tenn. Sept. 15, 2010).

The Developer contends that no breach occurred because the merger doctrine applies. They argue that the deed, rather than the sale agreement, governs the issue. (Doc. No. 28 at 2). Because the deed, unlike the sale agreement, contains no language regarding Smith's ability to lease the unit, there was no actual breach. (Id. at 4). Moreover, the Developer argues that the Deed references the Second Amendment to the Master Deed, which generally prohibits leases without "express permission by the HOA Board." (Id. at 5).

Under the merger doctrine, "parties to a contract may enter into a subsequent agreement concerning the same subject matter as the prior one; the earlier contract . . . merges into the latter contract, and is rescinded or extinguished." Great Am. Ins. Co. v. Nelson, 276 F. Supp. 3d 762, 768 (W.D. Tenn. 2017) (citing Stephen W. Feldman, 22 Tenn. Prac. Series, Contract Law and Practice § 10.11 (2011)). But the doctrine is not absolute, and the Court does not accept the Developer's blanket invitation to fit it neatly like a glove onto this case at this early stage of the litigation. Courts most often employ the merger doctrine to cases where there are successive types of the same contract (*i.e.*, two leases) rather than, as here, to cases with a sale contract and a deed. See Great Am. Ins. Co., 276 F. Supp. 3d at 768 (citing Dunn v. United Sierra Corp., 612 S.W.2d 470, 473 (Tenn. Ct. App. 1980)); see also Hagy v. Demers & Adams, LLC, No. 2:11-cv-530, 2012 U.S. Dist. LEXIS 12699, at *15 (S.D. Ohio Feb. 2, 2012) (noting that the doctrine usually applies where deeds are accepted "without qualification.").

Instead, in instances where, as here, there is a sale contract and a deed, courts employ the merger doctrine—often referred to in these situations as the merger-by-deed doctrine—in a slightly

different way. The key difference: operative provisions of a prior agreement regarding obligations or covenants remain intact. See United States v. Ohio, 787 F.3d 350, 357 (6th Cir. 2015). Tennessee courts have largely followed this approach. See Fuller v. McCallum and Robinson, 118 S.W.2d 1028, 1041 (Tenn. Ct. App. 1937); see also Marron v. Scarbrough, 314 S.W.2d 165, 455–59 (Tenn. Ct. App. 1958). In Tennessee, the doctrine also typically does not apply to "different aspects of the same subject matter." Cmh Mfg. v. Gkd Mgmt., No. 3:18-cv-519, 2020 U.S. Dist. LEXIS 113395, at *11 (E.D. Tenn. Apr. 9, 2020) (citing Magnolia Group v. Metropolitan Dev. & Housing Agency, 783 S.W.2d 563, 566 (Tenn. Ct. App. 1989)). And courts often utilize the doctrine to determine the parties' intent to contract rather than to strike down a provision to which the parties previously agreed. See Ohio, 787 at 357. Therefore, "if it can be shown that the parties actually intended that the provisions of a prior agreement continue in force, then the provisions do so continue." Id.

At this early stage of the proceedings, nothing suggests the parties lacked the intent to be bound by the sale agreement's provisions. See Urban v. Fed. Home Loan Mortg. Corp., No. 11-10915-FDS, 2012 WL 245246, at *5 (D. Mass. Jan. 25, 20212). Indeed, the lack of factual record is enough on its own to deny the motion to dismiss on merger doctrine grounds. See id. But even beyond the lack of factual record, federal courts should tread carefully in replacing the parties' intent with a more expansive view of the merger doctrine than what Tennessee law currently allows. See Bondex Int'l, Inc. v. Hartford Accident & Indem. Co., 667 F.3d 669, 682 (6th Cir. 2011). There is simply no support in the case law, let alone in the pleadings in this case, for an expanded merger doctrine that would eliminate the sale agreement in favor of the deed. Thus, the Court finds that the sale agreement's provision assuring Smith of the ability to lease her unit is a

separate obligation that is: (1) not affected by the merger doctrine; and (2) is not inconsistent with the deed. See Fuller, 118 S.W.2d at 1041.

Having disposed of the Developer's merger doctrine argument, the Court now turns to whether Smith adequately pled the remaining elements of a breach of contract claim. Viewing the Amended Complaint's factual allegations in the light most favorable to Smith, it is apparent that Smith has pled sufficient facts by which the Court could infer a breach of contract. Z.J., 335 F. Supp. at 689. Smith alleges: (1) the existence of an enforceable sale agreement; (2) a breach by the Developer in refusing to add her unit to the list of rentable units; and (3) resulting damages from that breach. (Am. Compl. ¶¶ 21–24). At this early stage of the proceedings, it is not for the Court to "address the strength of Plaintiff['s] breach of contract claim." Real Stone Veneers of Tenn., LLC v. Real Stone Am., LLC, No. 1:19-cv-33, 2019 WL 3797332, at *8 (E.D. Tenn. Aug. 12, 2019); see also Pureworks, 2010 WL 3724229, at *15 (finding that the motion to dismiss should be denied where "sufficient facts are alleged to state a plausible breach of contract claim"). Accordingly, the Developer's motion to dismiss Smith's breach of contract claim (Count I) will be denied.

B. Fraudulent Misrepresentation

Next, Smith claims that the Developer fraudulently misrepresented that it would grant her permission to lease her unit. (Am. Compl. ¶ 32). Smith alleges that the Developer had "no intention of granting such permission," or could not do so, yet induced her to purchase the unit for $608,000. (Id. ¶¶ 32–33). The Developer counters that Smith fails to state a claim for fraudulent misrepresentation or inducement. (Doc. No. 28 at 4–5).

A plaintiff must plead five elements to make out a fraudulent inducement claim: "(1) a false statement concerning a fact material to the transaction; (2) knowledge of the statement's

falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; [and] (5) an injury resulting from the reliance." Lamb v. MegaFlight, Inc., 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000). Regarding the first element in particular, a plaintiff must plead, at a minimum, "a promise of future action without the present intention to carry out the promise." Keith v. Murfreesboro Livestock Market, Inc., 780 S.W.2d 751, 754 (Tenn. Ct. App. 1989). "A statement is material or involves a material fact if it will likely affect the conduct of a reasonable person." Lowe v. Gulf Coast Dev., Inc., No. 01-A-019010CH00374, 1991 WL 220576, at *8 (Tenn. Ct. App. Nov. 1, 1991) (citing 2 F. Harper, F. James & O. Gray, *The Law of Torts* § 7.9 (2d ed. 1986)).

Having reviewed the Amended Complaint's factual allegations in the light most favorable to Smith, the Court can reasonably infer a fraudulent inducement claim. Although "the circumstances constituting fraud or mistake must be stated with particularity, . . . intent . . . may be averred generally." Kelly v. Intl Capital Res., Inc., 231 F.R.D. 502, 518 (M.D. Tenn. 2005) (citing Fed. R. Civ. P. 9(b)). Smith effectively pleads as much here in alleging that "Developer either had no intention of granting such permission and amending the [d]eclarations, or Developer was unable to actually do so." (Am. Compl. ¶ 32). The Developer's counterargument—that Smith "had clear knowledge of the terms of the Deed" and chose to purchase the unit anyway with the understanding it did not include language pertaining to leasing the unit—is unavailing, as it does not obviate Smith's successful pleading of a fraudulent inducement claim at this stage of the litigation. Accordingly, the Developer's motion to dismiss Smith's fraudulent misrepresentation and inducement claim (Count III) will be denied.[3]

---

[3] The Court notes that denying the Developer's motion to dismiss Smith's fraudulent misrepresentation claim may well serve as separate and additional grounds for finding that the merger doctrine does not apply, as courts have found fraud to be an exception to the doctrine. See

C. Declaratory Judgment and Reformation

Smith also asks the Court to declare that she be able lease her unit and reform the declarations to include her unit. (Am. Compl. ¶ 38). The Developer argues that, notwithstanding the sale agreement's language, Smith has failed to follow proper procedures, as outlined by the HOA, to receive permission to lease her unit. (See Doc. No. 28 at 5). But Smith is correct in counterarguing that reformation in light of fraudulent inducement is "black letter law throughout Tennessee . . . ." (Doc. No. 32 at 10); see also McMillin v. Great S. Corp., 480 S.W.2d 152, 155 (Tenn. Ct. App. 1972).

"In order to reform a contract, a party must establish that the contract was executed under mutual mistake of fact or law regarding a basic assumption under the contract or a unilateral mistake of fact or law *induced by the other party's fraudulent misrepresentation*." Smith v. BAC Home Loans Servicing, LP, 552 F. App'x 473, 476–77 (6th Cir. 2014) (emphasis added); see also Trent v. Mountain Com. Bank, 606 S.W.3d 258, 263 (Tenn. 2020). Reviewing the Amended Complaint's factual allegations in the light most favorable to Smith, the Court can at least infer the validity of the declaratory judgment and reformation claim in light of the Developer's alleged fraudulent misrepresentation. See Smith, 552 F. App'x at 476–77; see also Trent, 606 S.W.3d at 263. In sum, because Tennessee courts recognize reformation for fraud, and because Smith alleged such fraud, the Court will not dismiss this count at this stage of the proceedings.

Accordingly, the Developer's motion to dismiss Count IV will be denied, and all claims against the Developer will proceed.

---

Cox v. Givens & Houchins, Inc., No. 4:18-cv-00079-JHM, 2019 WL 2271164, 2019 U.S. Dist. LEXIS 88526, at *4 (W.D. Ky. May 24, 2019).

## IV. MOTION TO DISMISS BY THE POSTON AT THE PARK HOMEOWNERS' ASSOCIATION

The HOA has moved to dismiss Count IV under Federal Rule of Civil Procedure 12(b)(1) and, separately, all counts under Rule 12(b)(6). As it is a threshold issue, the Court will first turn to the jurisdictional arguments of Rule 12(b)(1).

### A. Subject Matter Jurisdiction Under Rule 12(b)(1)

"[W]here subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." Fishon v. Mars Petcare US, Inc., 501 F. Supp. 3d 555, 562 (M.D. Tenn. 2020) (citing Wayside Church v. Van Buren Cty., 847 F.3d 812, 817 (6th Cir. 2017) (emphasis supplied). Generally, [a] Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Id. (citing Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014). Where, as here, the motion is a facial attack, the Court, as with Rule 12(b)(6) motions, "takes the allegations in the complaint as true." Wayside Church, 847 F.3d at 816–17.

The HOA argues that Smith has no standing to bring a declaratory judgment and reformation claim against it because only the Developer was a party to the contract. (Doc. No. 30 at 7). To establish standing at the pleading stage, the plaintiff must allege "facts plausibly demonstrating that [she] '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Fishon, 501 F. Supp. 3d at 563 (citing Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016)). Because the HOA's standing argument is limited to Count IV, the Court need not examine the first and third prongs, as those are presumed by the Defendants' own briefings. Rather, the Court will analyze only whether the alleged injury is "fairly traceable" to the HOA. See id.

Viewing the Amended Complaint's factual allegations in the light most favorable to Smith, the Court finds that Smith has plausibly demonstrated the injury is fairly traceable to the HOA, in addition to the Developer. Smith alleges that the HOA is "a successor or assign of Developer." (Am. Compl. ¶ 22). Moreover, Smith argues that the HOA has sole responsibility for "overseeing the leasing of units." (Doc. No. 33 at 5). Smith also argues that the HOA was controlled by John Owen, who also controlled the Developer. (Id. at 5–6; see also Doc. No. 25-2). These allegations are enough for the Court to find Smith's injuries are "fairly traceable" to the HOA.

B.  The HOA's Arguments Under Rule 12(b)(6)

The HOA next argues that each of Smith's allegations against the HOA as a successor of the Developer are nonetheless insufficient under the successor liability doctrine. Because the HOA directs the same argument toward each claim, the Court will address them together.

"Tennessee recognizes the traditional rule that 'when one company transfers some or all of its assets to another company the successor is not liable for the debts of the predecessor.'" Johnson v. Tanner-Peck, L.L.C., No. W2009-02454-COA-R3-CV, 2011 WL 1330777, at *13 (Tenn. Ct. App. Apr. 8, 2011) (citing Hopewell Baptist Church v. Southeast Window Mg. Co., LLC, No. E2000-02699-COA-R3-CV, 2001 WL 708850, at *4 (Tenn. Ct. App. June 25, 2001)). Thus, in order to state a claim for successor liability, a plaintiff must establish: "(1) that a transfer of assets has taken place, and (2) that a state law exception to the general rule . . . applies." Nova Molecular Technologies, Inc. v. Penn Specialty Chemicals, Inc., No. 08-2039-STA, 2009 WL 564433, at *5 (W.D. Tenn. Mar. 5, 2009). Here, Smith has adequately alleged that a transfer of assets has occurred by stating that "HOA is a successor or assign of Developer." (Am. Compl. ¶ 22; see also id. ¶ 37). The Court will now turn to whether Plaintiff has pled a relevant exception.

There are several exceptions to the traditional rule on successor liability recognized in Tennessee, including: "(1) intentional assumptions of liabilities; (2) fraudulent schemes to escape liability, (3) *de facto* mergers, (4) the continuity exceptions: mere continuation and continuity of enterprise, and (5) the product line exception." George W. Kuney, Successor Liability in Tennessee, 43 TENN. BAR J. 24, 24–27 (May 2007). Taking into account the Amended Complaint's factual allegations in the light most favorable to Smith, the Court may reasonably infer that a number of these exceptions apply. See Nova Molecular Technologies, Inc., 2009 WL 564433, at *5.

First, Smith alleges facts that would allow the Court to reasonably infer an express or implied assumption of liabilities by the HOA. Under Addendum 1 to the Contract, the Developer "agree[d] to list [Smith's unit] in the list of units that can be a rental unit when the HOA is being formed," allowing Smith to "rent her unit." (Am. Compl. ¶ 9). Second, Smith alleges, and the Court already concluded that it may infer, fraudulent activity. Third, Smith argues that the HOA is a mere continuation of the Developer. Not only does she allege that the HOA is referenced in the sales agreement, (see id.), she also argues that the two entities were "one in the same" and under the common control of Joe Owen. (Doc. No. 33 at 5–6; see also Doc. No. 25-2). The Court could at least infer from these allegations that the HOA agreed to be bound by the sales agreement, including the provision to make Smith's unit leasable.

Although Tennessee courts have not clearly weighed in on the fraud or mere continuation exceptions for successor liability, see Kuney, 43 TENN. BAR J. at 24–27, they have at least recognized an exception for the intentional assumption of liabilities. Id. at 25; see also Hopewell Baptist Church, 2001 WL 708850, at *5–6. And federal courts, applying Tennessee law, have signaled a willingness to recognize the other exceptions. See Nova Molecular Technologies, Inc.,

2009 WL 564433, at *5. Smith has at least pled the existence of these recognized state exceptions. See id. Regardless, it would be premature at this stage of the litigation to disallow Smith's claims from proceeding, particularly when the Court can reasonably infer from the allegations that some of these exceptions apply. [4] Accordingly, the Court will deny the HOA's motion to dismiss on all claims.

V.      **CONCLUSION**

For the foregoing reasons, both the Developer's Motion to Dismiss (Doc. No. 27) and the HOA's Motion to Dismiss (Doc. No. 29) will be denied as to all claims.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] As a final aside, the Court notes that, to the extent it is applicable, Federal Rule of Civil Procedure 19 may well provide separate and independent grounds for requiring the HOA to be joined as a necessary party. Under the rule, "the Court may deem parties 'necessary' to an action and require them to be joined if", among other reasons, "the court cannot accord complete relief in their absence." See John Brown University v. Charisma in Missions, Inc., No. 15-cv-08890 AB (AGRx), 2016 WL 7448113, at *5 (C.D. Cal. Mar. 25, 2016) (citing Fed. R. Civ. P. 19(a)(1)(A)-(B)). Here, Smith has argued that the HOA has sole responsibility for "overseeing the leasing of units." (Doc. No. 33 at 5). To the Court, this would be enough of an initial showing that complete relief could not be afforded without the HOA.